# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
06/05/2023
David W. Slayton, Executive Officer / Clerk of Court
By: D. Jackson Aubry Deputy

# NOTICE OF CASE ASSIGNMENT

# UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
23STCV12739

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 7 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/06/2023
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By D. Jackson Aubry, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

FILED
Superior Court of California
County of Los Angeles

JUN 06 2023

David W. Slayton, Executive Officer/Clerk of Court
By: A. Morales, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

CIEARA MUNOZ

Plaintiff,

v.

CENGAGE LEARNING, INC.

Defendant

Case No.: 23STCV12739

INIITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION)

Case assigned for all purposes to
Judge Lawrence P. Riff
Spring Street Courthouse
Department 7

ISC Date: September 1, 2023, at 9:00 a.m.

This case has been assigned for all purposes to Judge Lawrence P. Riff, Complex Litigation, Department 7. PLEASE READ THE COURTROOM INFORMATION FOR DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

The Court has scheduled an Initial Status Conference on September 1, 2023, at 9:00 a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012. Department 7 utilizes the LACourtConnect video and telephonic

conference platform for hearings. To minimize social contact and avoid the risk of COVID-19 infection, the Court encourages parties and counsel to appear remotely (via LACourtConnect). When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time. Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case. The Court encourages the parties to propose approaches to case management that will promote the fair and efficient handling of the case. The Court is particularly interested in identifying dispositive or significant issues that may be addressed early in the case. For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed. Or, if the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint (or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference. The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 10 court days before the ISC. So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that electronic service is not the same as electronic filing.

To reserve a hearing date, please telephone the courtroom staff when the motion is ready to be filed.

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery? [1]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order? The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement?

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[2]

---

[1] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

[2] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[3]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

a. The next status conference.

b. Mediation completion.

c. A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court orders each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

[3] E-service does not effectuate a justiciable filing with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

**Except for the filing of a Notice of Related Case or a Motion to Compel Arbitration, the Court stays all other proceedings in this action**. The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court. The stay does not apply to the filing of a notice of related case or any motion to compel arbitration. Before filing a motion to compel arbitration, the Defendant must provide the plaintiff with a copy of the arbitration agreement and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration. Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated JUN 06 2023

Lawrence P. Riff
Judge of the Superior Court

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>06/06/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: A. Morales Deputy |
| PLAINTIFF/PETITIONER:<br>Cieara Munoz | |
| DEFENDANT/RESPONDENT:<br>Cengage Learning, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV12739 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 06/06/2023, Initial Status Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/6/2023

By: A. Morales
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 7

**23STCV12739**
**CIEARA MUNOZ vs CENGAGE LEARNING, INC.**

June 6, 2023
1:46 PM

Judge: Honorable Lawrence P. Riff
Judicial Assistant: Alfredo Morales
Courtroom Assistant: Teresa Bivins

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/01/2023 at 09:00 AM in this department. At least twenty (20) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**23STCV12739**
**CIEARA MUNOZ vs CENGAGE LEARNING, INC.**

June 6, 2023
1:46 PM

Judge: Honorable Lawrence P. Riff
Judicial Assistant: Alfredo Morales
Courtroom Assistant: Teresa Bivins

CSR: None
ERM: None
Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act (“PAGA”) claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for “Complex Civil efiling.” Parties shall file all documents in conformity with the Presiding Judge’s First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court’s website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court’s Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court’s Court Reservation (“CRS”) portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the “xx” being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court’s website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**23STCV12739**
**CIEARA MUNOZ vs CENGAGE LEARNING, INC.**

June 6, 2023
1:46 PM

Judge: Honorable Lawrence P. Riff
Judicial Assistant: Alfredo Morales
Courtroom Assistant: Teresa Bivins

CSR: None
ERM: None
Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>SCOTT J. FERRELL, (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464 FAX NO. *(Optional):* (949) 706-6469<br>E–MAIL ADDRESS *(Optional)* : sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | *FOR COURT USE ONLY*<br><br>**Electronically FILED by Superior Court of California, County of Los Angeles 6/27/2023 4:23 PM David W. Slayton, Executive Officer/Clerk of Court, By M. Arellanes, Deputy Clerk** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 312 N. SPRING STREET<br>MAILING ADDRESS: 312 N. SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE | |
| PLAINTIFF/PETITIONER: CIEARA MUNOZ, individually and on behalf of all others similar situated<br><br>DEFENDANT/RESPONDENT: CENGAGE LEARNING, INC., a Delaware corporation d/b/a WWW.CENGAGE.COM | CASE NUMBER: **23STCV12739** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1174988PDL |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a.☒ Summons
   - b.☒ Complaint
   - c ☒ Alternative Dispute Resolution (ADR) package
   - d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐ cross-complaint
   - f. ☒ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; FIRST AMENDED GENERAL ORDER; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE
3. a. Party served: *(specify name of party as shown on documents served):*
   CENGAGE LEARNING, INC., a Delaware corporation d/b/a WWW.CENGAGE.COM
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
   CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT, BY SERVING Koy Saechao, Service of Process Intake Clerk,
4. Address where the party was served: 2710 GATEWAY OAKS DR. SUITE 150N
   SACRAMENTO, CA 95833
5. I served the party *(check proper box)*
   a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/9/2023 (2) at: *(time)* 2:42 PM

   b. ☐ **by substituted service**. On *(date):* at: *(time)* . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
   - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): (city): **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLANTIFF/PETITIONER: CIEARA MUNOZ, individually and on behalf of all others similar situated<br><br>DEFENDANT/RESPONDENT: CENGAGE LEARNING, INC., a Delaware corporation d/b/a WWW.CENGAGE.COM | CASE NUMBER:<br><br>**23STCV12739** |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) (date): (1) (city):
(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):
☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant
b. ☐ as the person sued under the fictitious name of (specify):
c. ☒ on behalf of (specify): CENGAGE LEARNING, INC., a Delaware corporation d/b/a WWW.CENGAGE.COM
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: Robert J. Mason
b. Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**
c. Telephone number: **(213) 607-9000**
d. The fee for service was: $ 99.00
e. I am:

USA Legal Network

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ registered California process server:
(i) ☐ owner ☐ Employee ☒ independent contractor.
(ii) ☒ Registration No.:03-007
(iii) ☒ County: PLACER

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 06-14-23

Robert J. Mason
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL) (SIGNATURE)