PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIEARA MUNOZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENGAGE LEARNING, INC., a Delaware corporation d/b/a WWW.CENGAGE.COM,<br><br>Defendants. | Case No. 2:23-cv-05518-FMO-KS<br>Assigned to Honorable Fernando M. Olguin<br><br>**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**<br><br>Action Filed: June 5, 2023<br>Action Removed: July 10, 2023 |

TO THE COURT, CLERK AND ALL PARTIES OF RECORD, please take notice that Plaintiff Cieara Munoz ("Plaintiff") respectfully requests dismissal of the instant action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *with prejudice* as to the Plaintiff's individual claims, and *without prejudice* as to the putative class. No motion for class certification has been filed, no class has been certified, and there is no settlement or concession of class interests in order to resolve Plaintiff's individual claims.

Pursuant to Rule 23(e), "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

Plaintiff contends the *Diaz* factors do not apply to the facts of this case, but even if they did, dismissal is nonetheless proper. In 1989, the Ninth Circuit held in *Diaz* that Rule 23(e) applies prior to class certification. 876 F.2d at 1408. At that time, Rule 23 provided that "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." Fed. R. Civ. P. 23(e) (as amended Mar. 2, 1987, eff. Aug. 1, 1987). Under *Diaz*, the district court evaluating dismissal is to "inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408 (citations omitted).

Notably, *Diaz* was decided prior to amendments to Rule 23(e), which clarified that Rule 23(e) applies to certified classes or settlement classes. Specifically, Rule 23(e) now

provides that "[t]he claims, issues, or defenses of a *certified class*—or a *class proposed to be certified for purposes of settlement*" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *see also Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (acknowledging that "in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims"); 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., *Settlement, Voluntary Dismissal, or Compromise of Class Actions* § 1797 (3d ed. 2021) ("settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)"). Accordingly, because no class has been certified and there is no settlement of any kind in this action, Rule 23(e) does not apply. *See* Fed. R. Civ. P. 23(e).

Nevertheless, even if the Court were to apply the *Diaz* factors to these circumstances, dismissal would be proper. *First*, it is unlikely that any putative class members have relied on the action to protect their interests given that the case is in its infancy and there are no circumstances suggesting reliance on Plaintiff's claims. This action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action. *Second*, just two months have passed since the filing of the Complaint. Plaintiff's earliest interaction with Defendant's website was in May 2023 and as such, based on the one-year statute of limitations associated with her cause of action, the statute of limitations shall not run until May 2024. As such, the rights of the putative class are preserved by the solely individual dismissal of Plaintiff's claims with prejudice. *Third*, as discussed above, there is no settlement or concession of putative class interests given that there has been no settlement or compromise of any kind related to any potential class claims asserted in the Complaint. Indeed, the resolution reached between the Parties does not address, affect, or change the

putative class's rights or claims in any manner.  Even under *Diaz*, dismissal is clearly proper here.

The parties have diligently followed the rules to obtain a voluntary dismissal prior to any substantive response to the Complaint.  *Diaz* should not stand as a barrier to dismissal, given the subsequent amendments to Rule 23(e) and the facts of this case in which there is no settlement or compromise of any class claims, no collusion, and no potential prejudice to any putative class member. Moreover, the dismissal as to any putative class members would be *without prejudice*.

For all the foregoing reasons, the Plaintiff respectfully requests that the Court enter a dismissal of this action with prejudice as to the named Plaintiff and *without prejudice* as to the putative class.

Respectfully submitted,

Dated:  August 23, 2023

PACIFIC TRIAL ATTORNEYS

By: */s/ Scott J. Ferrell*
    Scott J. Ferrell
    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell Esq.*
Scott J. Ferrell, Esq.